**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER JAY JORDAN, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer STEPHENS, *et al.*, | : | NO. 5:11-CV-258-MTT-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **CHRISTOPHER JAY JORDAN**, a prisoner at the Butts County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). This Court previously granted Plaintiff's request to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $6.26 (Doc. 3). Based on Plaintiff's additional submissions, the Court finds that Plaintiff is unable to pay the initial partial filing fee and withdraws its Order that Plaintiff pay the $6.26. Plaintiff will nevertheless be obligated to pay the entire $350.00 filing fee, in installments, as directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order to the business manager of the Butts County Jail.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff raises several claims regarding his mail and access to the courts while he was confined at the Monroe County Jail ("MCJ"). First, Plaintiff claims that Defendant Officer Stephens opened a letter from the "Department of Law" (presumably the Georgia Attorney General's Office) outside of Plaintiff's of presence. Plaintiff attaches an MCJ policy, which provides that legal mail must be opened in the inmate's presence to inspect for contraband. Second, Plaintiff appears to allege that Officer Stephens directed other MCJ officials not to mail a letter of Plaintiff's to Defendant Monroe County Commissioner Larry Evans because Stephens first wanted to read the mail. Third, Plaintiff complains about the lack of a law library, which made it "hard to defen[d] [his] rights" in a state court lawsuit Plaintiff filed against the Warden of Hays State Prison. Finally, Plaintiff alleges that Defendant Officer Shannon told Plaintiff that "this agency will not help [Plaintiff] with the edification." In addition to Commissioner Larry Evans and Officers Stephens and Shannon, Plaintiff sues Sheriff John C. Bittick and the MCJ.

## III. DISCUSSION

### A. Dismissed Claims and Defendants

Even construed liberally in Plaintiff's favor, the Complaint fails to allege a colorable claim for violation of Plaintiff's right of access to courts. To state a valid access to courts claim, a section

1983 plaintiff must allege an actual injury resulting from the acts of the defendants. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An actual injury exists if a direct appeal of conviction, a habeas petition, or a non-frivolous civil rights action implicating a basic constitutional right was frustrated or impeded. *Id.* at 353-54; *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir.1998). A plaintiff must allege "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), *cert. denied*, 129 S. Ct. 104 (2008) (internal quotes and citations omitted).

Plaintiff has failed to alleged that the unavailability of a law library at the MCJ has deterred the exercise of his constitutional right to litigate a non-frivolous claim. Plaintiff does not state the nature of his state court suit. Moreover, Plaintiff merely alleges that it would be "hard to defend his rights" without access to a law library, not that the absence of a law library caused an adverse outcome in the lawsuit. Thus, Plaintiff has failed to allege how the denial of access to a law library prejudiced his ability to pursue a protected, non-frivolous legal action. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's access to courts' claim be **DISMISSED WITHOUT PREJUDICE**.[1]

It is unclear what Plaintiff means in his allegation against Officer Shannon for stating that the MCJ would not help Plaintiff with his "edification." In any event, Plaintiff's allegation fails to state a constitutional claim. The undersigned therefore **RECOMMENDS** that Officer Shannon be **DISMISSED** as a Defendant herein.

---

[1] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

Plaintiff makes no allegations against County Commissioner Larry Evans, other than Evans was the intended recipient of Plaintiff's letter. Plaintiff thus alleges no colorable claim against Evans and it is **RECOMMENDED** that Evans be **DISMISSED** as a Defendant.

Plaintiff alleges no facts whatsoever against Sheriff John C. Bittick. Plaintiff's merely naming Sheriff Bittick as a defendant is insufficient to support Bittick's liability under section 1983. The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. ***Douglas v. Yates***, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing ***Pamel Corp. v. P.R. Highway Auth***., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Moreover, Sheriff Bittick cannot be held responsible for the actions (or inactions) of his subordinates. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged any of the above prerequisites for supervisory liability

on the part of Sheriff Bittick. It is therefore **RECOMMENDED** that Sheriff Bittick be **DISMISSED** as Defendant.

Finally, the MCJ is not a suable entity under section 1983. ***Brannon v. Thomas County Jail***, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ( "County Jail is not an entity capable of being sued under Georgia law"). Accordingly, it is **RECOMMENDED** that the MCJ be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### *B. Officer Stephens*

If Plaintiff's allegations are construed liberally in his favor, Plaintiff may have alleged a colorable First Amendment censorship claim against Officer Stephens. Accordingly, Plaintiff may proceed with his censorship claim against Officer Stephens.

In light of the foregoing, it is hereby **ORDERED** that service be made on above Defendant, and that Officer Stephens file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### **FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u>

**INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 23rd day of February, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge