IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER JAY JORDAN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:11-CV-258 (MTT) |
| VS. | : | |
| | : | |
| **Officer STEPHENS, et al.,** | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION TO DISMISS

Plaintiff Christopher Jay Jordan filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because Plaintiff has failed to diligently prosecute his case by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, it is hereby **RECOMMENDED** that the above-styled case be **DISMISSED**.

On February 23, 2012, the Court issued an order providing instructions to the parties in the above-styled case. Doc. 18. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Id. at 7. The order also directed the parties to keep the Clerk of Court and all opposing parties advised of their current mailing address at all times, warning that failing to give prompt notice of any address change "may result in the dismissal of a party's pleadings." Id.

The record establishes that Plaintiff has not kept the Clerk of Court advised of his current mailing address. On October 11, 2012, the Court issued an order advising Plaintiff that Defendant Officer Stephens had filed a motion for summary judgment and directing Plaintiff to file a response to the motion within twenty-one (21) days of his receipt of the Court's order. Doc.

33. On October 18, 2012, a copy of the order entered on October 11, 2012 (Doc. 33) that had been mailed to Plaintiff's last mailing address was returned to the Court as undeliverable in an envelope marked "return to sender." Doc. 34. A second attempt to mail Plaintiff a copy of the order entered on October 11, 2012 (Doc. 33) to Plaintiff's last mailing address also was returned to the Court as undeliverable in an envelope marked "return to sender, refused, unable to forward." Doc. 35. On November 7, 2012, the Court issued an order to show cause, directing Plaintiff to show cause as to why his case should not be dismissed for failure to prosecute. Doc. 36. On November 27, 2012, a copy of the order to show cause entered on November 7, 2012, (Doc. 36) that had been mailed to Plaintiff's last mailing address was returned to the Court as undeliverable in an envelope marked "return to sender." Doc. 37.

Because Plaintiff has not kept the Clerk of Court and all opposing parties advised of his current mailing address at all times, the Court must conclude that Plaintiff has abandoned his claims. Consequently, **IT IS RECOMMENDED** that the above-styled action be **DISMISSED WITH PREJUDICE** for failure to prosecute. Consistent with this recommendation, **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Approval of Written Discovery (Doc. 26), Plaintiff's Motion to Amend Complaint (Doc. 27), and Defendant's Motion for Summary Judgment (Doc. 32), all be **DENIED** as moot.

Although it may prove to be an exercise in futility, the Clerk of Court is hereby **DIRECTED** to serve Plaintiff at the **last mailing address** provided by him.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **within fourteen (14) days** after being served with a copy thereof.

**SO ORDERED**, this 28th day of November, 2012.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge